I apologize I'm having a little congestion at this point, so I appreciate it. Take whatever time you need for that. Thank you. I was going to reserve five minutes in case we need some. Yes, you can reserve time. The motion that was filed here was based upon the sufficiency of these pleadings. Whether accepting the non-conclusory allegations as true, this stated a cause of action against each of these individuals, not necessarily all of them, but any of them. And that was based upon, in light of the Qualified Immunity Principles, that was the whole basis of the motion. Claimants were to then come forward and identify how these pleadings were not conclusory, how did they satisfy all these elements. And in response, the court's rulings, quote, because there are material facts in dispute, and at this stage of the litigation, law enforcement defendants are not entitled to judgment as a matter of law. That is addressing the very issue that we were advocating. To suggest that this wasn't considered, I think is not correct. We take seriously the opportunity to be here. If that hadn't been said, we would not have been pursuing this. There's a finding that these pleadings are adequate. It's confusing in how it was issued, in part to the way that the procedure was used by the defendants, of course. But the fact remains that the district court did address the sufficiency of a pleading in response to a qualified immunity motion that addressed these very issues. So the first step that we have to get to, I guess, is is it appropriate for this court to even analyze this, obviously. And I appreciate the chance to visit about it. If there's an obligation to decide the qualified immunity issue, and it's declined, or if there is a decision on the qualified immunity issue, those are the two issues. And we believe that both are satisfied here. Is there an obligation to rule on this motion in this setting? And we believe there is. But the easier solution, you don't even have to get to all that. You don't have to even get into the 12B6 timeliness issue or the conversion to 12C. The fact remains that the district court reviewed the complaint and found that there are material facts in dispute. And in doing so, addressed whether these types of pleadings are adequate. And we think that based upon the as these kind of cases are evolving, it's not. And this is a classic example of the place where we do need assistance. We do need help in identifying are these sufficient allegations such that each of these persons or any of these persons would be found to be responsible personally based upon those allegations. It's a 203-paragraph complaint. It's a shock and awe kind of a complaint that is almost overwhelming. It was overwhelming potentially to the defendants to respond to all this. It was definitely overwhelming perhaps to the district court, a hardworking court that had a huge docket at the time. So it's not easy to parse through this. But once you do, when you get to the merits of it, you'll see that really there are elements to every potential cause of action that are just ignored. Let me ask you this. So just to try to understand this procedurally, I believe I'm looking at the order that has been appealed from, which is page 1786 in the record. And it's a two-page order from the district court. And the first thing he says in the second paragraph is that, you know, essentially that the motion was untimely, the 12b6 motion was untimely. Am I correct about that? Okay. Now, would you agree that if he stopped there, there's no appellate jurisdiction to appeal that, right? Just the denial of the 12b6 motion is untimely? That's why. Right. That's correct. We don't contest that. Yeah. I mean, if there's no jurisdiction, it's not up to us to say whether it was correct or not, right? There's just no appellate jurisdiction to consider that at this point. So tell me again, what is your argument that there's appellate jurisdiction here? Well, because the way the sequence went, the motion was filed. There was a stay in place for other defendants. These defendants joined that. The magistrate judge addressed whether the motion was timely and said, yes, it's timely. There's 12c, even if there's not 12b6. And there's not an appeal of that or anything. Just to back up one second, your position is the motion that is under consideration here is based on qualified immunity? Is that right? That's correct. Okay. And so now the issue was, and then in reply, the judge just requested to treat it as 12c. It's not a 12b6. It's 12c. Okay. That's what the magistrate judge had addressed in her ruling. And then so the matter is then decided. This ruling says we're not going to treat it as a 12c because there are material issues of fact regarding the complaint that's being addressed on the basis of qualified immunity. So it's our position that the court addressed this under 12c when it said that. And it's no different had we made the motion under 12c in the first place. So here we have the magistrate judge says, oh, yeah, it's proper as a 12c. The pleadings are addressing that issue with the court as to 12c. I guess we could have filed it, refiled it again and said, yeah, the magistrate judge talked about 12c. The reply talked about 12c. We're going to go ahead and refile this motion as a 12c. And if the court said we're not going to decide that at this point because there are material issues of fact, there would be no question, I don't think, as to how we're going to do that. And our position is there's no difference here. Had we refiled it, what are we going to hear? Well, it's the law of the case. The court has already decided that 12c is not proper because there are material issues of fact that include judgment as a matter of law. It's the same standard under both. So it is unusual. There's no question. Yeah, that's what I'm trying to understand. And the sequence, I think, is important. Are we really suggesting that we should have stopped at that point and refiled this as a 12c? If we were required to do that, what's the response going to be? Well, it's already been addressed as a 12c because it's already been found that there's factual issues that these pleadings are adequate under that statement. It's no different than, I guess, the Helton case where he was properly before the court. And I have to admit, we didn't make it easy for him, and it's unfortunate. Had we originally done a 12c, it would have made this a lot easier. But there's no practical reason that these individuals should be subject to this and don't get the benefit of review under these unusual circumstances. There's not a case that we found or anybody's found here where there was a 12c motion that was filed before dispositive motion deadlines where the court didn't consider it. There's not a 12b6 motion that was filed before dispositive motion deadlines where the court didn't consider it under 12c. And so it just doesn't make sense that a proper procedure is to go ahead and refile it instead of proceeding as it was at the time. The court did not, I mean, obviously they addressed it enough for us to be here in our position. The court looked at the merits of this motion, which was 100% based upon is this adequate in light of these individual commitments? The burden that they had, the heightened burden to plead this, that's the only issue that was before the court. And so we maintain that because it was decided, there is jurisdiction here. And I think this court is entitled to scour the record and determine whether they've satisfied that pleading burden for each of these individuals or remand and have reasons like that's done in other settings. So I don't see that an issue with the jurisdiction once you understand the circumstance and you understand that there's no question that a 12c motion would be properly heard. And there's no question that the same standard that would have been facing the court under 12c was addressed here. Had that not been said, I'm not sure what we would have done. It may have been a mandamus or something, but it was definitely addressed. And we think that it's unfortunate that this has made it a little more complicated to get here, but once you're here, if we can move to that, these pleadings under the law as it's developing, I think it's not a difficult task to say this is not adequate. And you can't say that any of these defendants did something unlawful and satisfied all the elements, much less that every one of them did. Six don't even have their names really mentioned in it. And there's no suggestion that there was no identification of how they all fall within this. So we think it's a classic example of the type of pleadings that these cases have been addressing. It's evolving. The Ninth Circuit case that was recent is a pretty good one. Fabrication is not adequate. Suppression is not adequate. I mean, this court addressed it in the Mulroy case way back, and these other courts are doing the same. That you have to plead background facts sufficient to make it plausible. Is it really plausible to say that all eight of these guys did whatever it is that they're alleging? Is it really plausible if you don't say what it is that was suppressed or what it is that the statement provided, that you don't have to even say that it didn't go to the DA? How in the world could that satisfy that pleading standard? And that's what that Ninth Circuit case said, and that's what the Tenth Circuit said. Who what to whom? How can you say that they've adequately pled this without that? And I'll get to that in a little more detail. So first, if you accept that, yes, this is one of those cases where either there's an obligation to decide it or it was decided. And how can you say it wasn't decided when the court says there are material issues of fact in dispute? And how can you say there's not an obligation to decide it when there's no suggestion that 12C would have been untimely? There's no suggestion that we're within a couple months of the answer. There's no trial delay. And Rule 12 says it is mandatory to be decided. It doesn't say that you can't. Now, the fact that this is a qualified immunity issue is kind of the asterisk to this. Yes, you're obligated to decide this under 12C if it is a qualified immunity motion that's not untimely. I think that would be the rule if you're going to go that way. But even without having to do that, the fact is that it was addressed, and that triggered this court's responsibility to at least review what it is. If we agree with you, what are our options? Scour the record. It's not much of a record. It's a 203-paragraph complaint. That's all that's in the record. It's an amended complaint? And the pleadings that went around that. That's correct. There's an original complaint with a lot of detail in it. There's an amended complaint that took out a lot of detail and changed the emphasis from, oh, the DA, people, and then just law enforcement defendant's definition. When you say scour the record, what do you mean? What kind of disposition would you be looking for? Look at the complaint and identify what is well-pled in that complaint. What's non-conclusory? The fact that you say, oh, they suppressed evidence, nine defendants suppressed evidence that caused this to happen. Well, what was it, and who was it to? And you'd have to go through each of these individuals. There's three that have their names mentioned, really. One, Glenn Mitchell. All they say is that he had some information and put it in a report. It's like he's a good guy, but he's a defendant. There's the fingerprint technician. What are they talking about? Was it testimony about world prints or what? Absent that, then it's not adequate. So our proposition is look at this complaint and think, is there a fabrication claim adequately pled here? They don't say that someone failed to turn something into the DA until the very end, and they say they included it in kind of a throwaway paragraph 141 or something. So can you say a suppression claim without alleging that the DA was not provided the information in light of Malray? Can you say there's fabrication without alleging what it is that was fabricated? And the closest they come is to saying, well, there was some of the testimony of one of the witnesses was fed to her. They don't say what. They don't say by whom. They don't say in what setting. Was there testimony at trial that was different than what she said to the detectives? Was this like Malray, Judge, where it's an officer gets a witness to say something in trial that's untrue? The fabrication happened at a trial, but the submission happened in trial? And Malray, the court said, no, that's not going to state a claim against an officer. So you can go through each of these. So what happens if we dismiss this appeal from one of the jurisdictions? I know you disagree with that, but what if we do that? Where do you think standing? Do you go to trial? You conduct discovery, right? So we might do another 12C motion perhaps, or we could do a summary judgment motion, or we could get these eight guys and pull them out of wherever they are and make them undergo discovery in a setting where they shouldn't be required to. So those are the three things that would happen. I think that what should happen is a finding that there are material issues of fact and this complaint is adequate in this setting is a finding that they've stated a claim and that the qualified immunity doctrine doesn't protect these individuals and that this court should either address it or let the district judge do it and provide some assistance on this issue because it's overwhelming. Your time has expired and you've saved time for a moment. All right. Thank you. The court should dismiss for a lack of appellate jurisdiction. I'd like to start with the procedural history before turning to the arguments made. Some of the procedural history has been discussed. These officers did not initially move to dismiss. They did not move under Rule 12E asking for more clarity or more definition in the allegations. Instead, they responded in a joint single response to the complaint. Each officer responded exactly the same way as every other officer to every allegation. At that point, the plaintiff and these officers were ready for discovery. Obviously, they have no control over whether any of the other defendants move to dismiss or answer, and their answer throughout repeatedly says, it's been so long that absent review of discovery, we just don't know, and so we deny the allegation. So if we were to dismiss for want of appellate jurisdiction, then in the district court there would presumably be discovery? I think some of this was discussed with my co-counsel a second ago. I think the answer to that is yes, but they've conflated the issue about whether a district judge has to address the motion of 12C with whether this court has appellate jurisdiction. I understand, but I'm just trying to walk through what happened. You're certainly entitled to go through all that if you want to. What I'm trying to get at is if there were then discovery in the district court, then they could move for summary judgment on the basis of qualified immunity. That's correct. But you would presumably oppose that, and there would be an opportunity in the 12D to get whatever other discovery is needed, and then it would be set up if that were denied, it would be set up for a qualified immunity appeal to this court. Am I missing any steps there? I'm not trying to put words in your mouth, but is that what happened? That is absolutely correct. That's the Barrett's case for the Supreme Court. Defendants are entitled to qualified immunity appeals at the Rule 12 stage and again at the summary judgment stage. We don't have any qualms with that. And even at the trial stage if they want to. And even at the trial stage, that's correct. We don't have any qualms with that because by the time the summary judgment record is in, it will be clear that the prosecutors did not have this evidence, that it was withheld within the Supreme Court Police Department by these officers. And if one or two officers is able to show that they didn't have it or they turned it over, that's fine. We'll have no qualms with that. It will be a different record where these allegations can be more fully addressed by the court below and this court. Right now, they answered acknowledging that discovery is needed. There are fact disputes everywhere that preclude qualified immunity at this stage. Part of what I was talking about when I said they could flate the Rule 12C, they cited a lot of cases saying that district judges can't treat an untimely 12B6 motion under 12C. We don't disagree with that at all. But that doesn't stand for the proposition that they can then therefore take a qualified immunity appeal from a denial. And what I mean by that is the Barron's court said, yes, you get qualified immunity appeals at the Rule 12 stage and again at summary judgment, but the court was very concerned with abuses of process and delays. That was a complicated decision that said because qualified immunity is a substantive right that protects you from liability, protects you from standing trial, and protects you from discovery, even though there's a potential for abuse, you have to have an opportunity before there's any discovery to assert qualified immunity and after discovery. But these defendants waived their before discovery option because there wasn't a good reason to do so. We say they withheld exculpatory evidence from the prosecutors and they say no. Everybody understood that that's not something to be addressed at the pleading stage and so they decided not to. They answered the complaint and they didn't plead any factual details about their qualified immunity defense. A Rule 7 reply was not even required. So under these circumstances, yes, they can go back to the district court and if they decide it's worth it, they can file a Rule 12C motion, but there cannot be a qualified immunity appeal from that. They haven't cited any authority for the fact that an appellate court could step in and assert jurisdiction at that point. And moreover, even that argument itself that the district court could have addressed this under 12C so this court should assert jurisdiction, there's no power to do that. Appellate jurisdiction is conveyed by statute and the collateral order doctrine is a reading of that statute. This court cannot grant itself appellate jurisdiction just because later down the road it might have to address qualified immunity. And they haven't cited any authority for the proposition that the court can do that. Moreover, I think where the court said I'm not going to address the motion under 12C, we have to take the court at its word. It's true that it said, well, first of all, where it says that the facts were sufficiently planned, I think my opposing counsel has conflated the part where he was addressing Rule 7. He said no Rule 7 reply because the facts are sufficiently. But where he said I'm going to not treat the motion under Rule 12C because there are fact disputes and they're not entitled to a judgment of law, we can't ignore the first half of that sentence. And I think the best reading of that is that the district judge understood that he had the discretion to treat it under Rule 12C, but even a quick peek at the motion showed that he was improperly raising fact disputes and he did not abuse his discretion in deciding not to waste judicial resources, giving it a full review as he did for all of the other defendants who timely filed their motions. So under Edwards, there was no legal ruling on qualified immunity and the judge was under no obligation to do so. And so there's just no appellate jurisdiction here. If I could turn to the arguments being raised, even if somehow that one and a half page order, if you read it the right way, there's something that could be appealed at this stage. Appellate jurisdiction also turns on the arguments actually being raised. And there's no jurisdiction to contest the truth of the plaintiff's facts. And that's what this appeal is. We say they withheld exculpatory evidence from the prosecutors and they say they did it. But our complaint is clear. We said it explicitly several times. One of the times that they've quoted in their briefs to this Court is paragraph 110. But almost every time they quoted that paragraph, they cut out the start of the paragraph, which says, in the manner more fully described above, they withheld it from prosecutors. That allegation is in the legal claim section of our complaint. And it refers back to all of the factual allegations of withholding. But they dropped the connection between the examples of withholding and our explanation that withholding means withholding from the prosecutors. Moreover, when they answered the complaint, they showed that they knew exactly what our allegations were. Good examples are paragraphs 49 and 55. They don't deny that the key witness recanted. They don't deny that another key witness admits that the victim was alive long after Mr. Ford had left the scene when he had an alibi. But they do deny withholding that, and they specifically say, we deny this, we turned it over to the prosecutor. They knew that's what the allegation was. Our allegations of the complaint about prosecutors having the evidence are unambiguously pleaded at the alternative. And finally, when they moved to dismiss under this theory that maybe withholding exculpatory information can mean turning it over to the prosecutors, we responded, confirming to them and confirming to the district judge that that's not what our allegation was. And we told the district judge, look, we think this is clear, but if it's at all unclear, we'll replead. When their motion was denied, we are bound by our representations. Nobody could claim any uncertainty as to what we were alleging. And there was no reason to appeal to this court to ask this court to say that we are not alleging things that we clearly are. And our fabrication allegations are exactly the same. The complaint is clear. Their answer to the complaint shows that they know, even though they denied remembering any detail because it has been 30 years. Deny, deny, deny, we can't remember, we can't remember. But when it got to feeding witnesses facts to fabricate their statements, flat denial, because they knew what we were alleging. They do say in this court, although I think that's clear that those are fact disputes, they say that what they're bringing instead is an Iqbal plausibility claim. This case bears no resemblance to Iqbal, of course. In Iqbal, the key there is the factual allegations taken as true don't add up to a violation of law. The court accepted as true that the post-9-11 policy of detaining people under harsh conditions was agreed upon by the attorney general and the director of the FBI in meetings the two of them had. And they accepted as true that that had a disproportionate impact on Muslim Arab men. But the constitutional violation required invidious discrimination. It had to be adopted for the purpose of discriminating on the basis of race and religion. But 9-11 was perpetrated by 19 Muslim Arab men working for Al-Qaeda. Disproportionate impact was guaranteed under a perfectly lawful, legitimate investigation. The allegations just didn't add up. What they say then is, okay, well maybe our complaint doesn't allege any violation of law if you ignore several of our allegations because they call them conclusory. And that is not so. Let me start by addressing their complaint that they are referred to sometimes in the complaint as the law enforcement defendants. They admit in relying on cases like Robbins out of the Tenth Circuit, there's nothing from this court that prevented that type of pleading. In fact, it's district judges that deal with reading complaints, determining if they're clear enough, shaping discovery based on that. There's nothing from this court that said that was not okay. And Iqbal, Twombly, and Robbins itself all said context is key. Context matters as to what's required for a short and plain statement to give fair notice. But all of their cases are either under radically different context or decided at summary judgment or both of those things. Robbins, for instance. Yes, it was inadequate to level generic allegations at frontline social workers, the director of the Department of Health and Human Services, the department itself, a private daycare center, and the private citizen who ran the daycare center. As the court wrote, the actions of that diverse group are going to be entirely different in character. Not in detail, but in character. These officers can make no similar argument, and they haven't. They're not lumped in with the prosecutor. They're not lumped in with the DA office or the coroner or the insurance companies or the city of Shreveport. It's just the law enforcement defendants. And moreover, Lockwood, there's allegations about what he did in the investigation. All of the other officers, which they know, were detectives who worked on the case. That's not in the complaint, but we don't have to plead to them what their jobs were at the time. They know that. That's why in none of their briefs have they ever complained about it, but they've never, ever said why any one of their conduct should be different in character from any of the others. And I think because context matters, we have to remember that they answered the complaint. They all answered it together. There was no lack of fair notice. And it wasn't unreasonable for them to say, it's been too long, we don't remember, absent review of discovery, we just have to deny at this point. That was totally reasonable. It's been a long time. But what they need is that discovery. They need evidence. They need their recollections refreshed. They need to send us a contention interrogatory, which we respond to. They say lay out all the evidence against every one of us that we do, which we have to update as we get more and more discovery. They don't need more allegations for them to just say, you know, we don't remember, it's been too long. There's no rule that requires that. There's no case that requires that. And it serves no interest of justice. Turning to my opposing counsel said that our allegations aren't conclusory. Understanding that it was perfectly legitimate to name them in a small group of similarly situated officers, there's nothing conclusory about these allegations. Brady, let's start with Brady. The state and the prosecutor have all but publicized that there was a Brady violation committed by the police. The state went into court and said, please vacate this conviction. There's been a Brady violation, but it wasn't us. The state didn't have the evidence. There's numerous police reports of this case saying the Robinson brothers did it. The Robinson brothers still have the murder weapon. The victim was alive after Mr. Ford was already gone and when he has an alibi. The main witnesses recanted. They acknowledge all of those reports, physical pieces of paper. They just made the false assertion that once something is written down, it can't be withheld. There was never any logic to that. We cited the Burge case in our response just as one example that obviously police officers can write down reports and then withhold them. In reply, they said, well, Burge had more detail. Well, of course, Burge was post-trial. We don't need to know at the pleading stage whether it was put in someone's desk drawer or the police station basement or somebody's car truck. If they suggest that, it would be helpful to have a case on point. There's none, and that rule would bar wrongful conviction plaintiffs from the courthouse doors every time, no matter how egregious the police misconduct. Are fabrication allegations also not conclusory? Let me start with Marvella Brown. What suggests the police fabricated Marvella Brown's statement? She testified to that under oath. Let's set that aside. Marvella Brown was Jake Robinson's girlfriend. Jake was implicated in the crime within a week of it happening. A legitimate investigation might have gone to Marvella Brown around that time. These officers went three months later after they had decided that Mr. Ford was their guy. They claimed that she remembers details that no one would have any reason to remember three months later. Who was at your house on a particular morning three months ago when you didn't know anything special was going to happen that day? They claim she remembers that Mr. Ford was here with the Robinsons. Okay. They go to her. Oh, they claim that she remembers he said the words, is you still going? Right, because he's supposed to have had some foreknowledge that this was going to happen. Is you still going? Three months ago, words that would have had absolutely no import. There's more. This is after they know jewelry has been stolen, after they know the caliber of the murder weapon. Marvella Brown says, oh, they came back and they had jewelry and they had guns. Somehow she's able to identify the specific caliber of the guns and then remember it three months later. And, of course, there's a match to the murder weapon. And we now know that none of this was true. Mr. Ford was innocent and he wasn't even there. But Marvella Brown got a lot of details right except the perpetrator wrong. That's more than enough. That's far more than speculative to suggest that these officers fabricated her statement. The Good v. Curtis case from this court, once somebody was proven innocent, DNA proven innocent, they had to explain, well, how did all this happen? How was the misidentification? How did it happen? At the early stages of the case, it's a reasonable inference. If he had nothing to do with it but somehow police officers went out and got people to say he did, that there's something afoot there. That's what the Good case said. And we also have to add to all of that that when Marvella Brown recants, they suppress that recantation. They never told the prosecutors or the defense that she's actually recanted her statement. That's additional evidence that it was fabricated. We have allegations of the complaint for Donning-Thomas and Trajan-Mass as well. Admittedly, they're a little bit less detailed because we know less at this point, but they're far from conclusory. And moreover, the officers certainly don't get qualified immunity for fabricating one witness statement instead of two or three or four. If there are no questions, I'd like to close with some words about balance. Qualified immunity is a balance. Balance between holding public officials accountable when they abuse their power but protecting them from the burdens of litigation when they exercise power reasonably. But collateral order, qualified immunity, appellate jurisdiction is itself a balance where appellate judges use their relative expertise and decide purely legal questions as soon as possible. But fights over the facts still have to happen below first. Where district judges use their relative experience, their relative expertise, to manage their dockets with docket management orders and to marshal cases along efficiently. This case, unfortunately, the balance has been off. It's been almost four years, and we are at the motion to dismiss stage. In this latest iteration, a one-and-a-half-page order saying your 12B6 was untimely and I'm not going to address the other issues has led to this appeal. It's procedurally improper. It raises the same fact disputes that were untimely raised below. It raised four new issues that we pointed out were not even presented to the district court below, which they said nothing about in reply. And all of that, Your Honors, even though Shreveport, the Monell claim against Shreveport, is still pending below. Shreveport answered the complaint, and they never moved to dismiss. So this appeal was never going to have a significant impact on how discovery proceeds, but it has led to an additional year of delay. Thank you, Your Honors. I respectfully request that you dismiss the appeal. All right. Thank you, Mr. Rockison. Mr. Byrd, you've saved time for both. Thank you. Just a few things. The proposition, I think, is that, well, Rule 12 process is not that important. You can just go and do discovery and a summary judgment. Well, it is an important function. I mean, it really is. In this setting in particular, when you have this kind of complaint, that layer of assistance is important. And particularly where there's not a single allegation that one person did something in particular, it's a group of people. That's ignored here. There's no court in the world that says you can just name nine people and say they all did this. I mean, the issue for the court should be whether can you really read this and say an individual defendant did something that was unlawful based upon this complaint. How can you? A lot of what we just heard are things that aren't in there. There's nowhere do they say that there were facts that were unknown to anybody on public facts. There's nothing about that in there. If the court can go through, and it's a tough burden when you have that big a complaint. Once you look at it, you'll see there's not any allegations of all this. It's conclusory. The Ninth Circuit looked exactly at this pleading and said just a few months ago, six months ago, you can't just say fabrication anymore. You have to lay out all the factual details, the fabric of it, so that you can say, yes, it's plausible that each of these individuals did it or any of them. There's not even a mention of six of these people at all. Who said what is an issue relative to this fabrication of testimony that should not be excused. Whether you gave something to the DA or not, no court has ever excused that and said, well, you don't have to plead that. Everybody knows what that is. Well, of course not. That is something they have the benefit of that information. Of course they do. That's the first complaint that laid out all that. And so I think when you have a shock and awe kind of complaint like this, and particularly in this setting, they've had the benefit of the appeal process, the habeas process, of all the stuff that goes on over the years of these folks being incarcerated. I mean, it's sad facts. But these officers aren't in that. This thing pops out, and they're having to deal with it. And to say, oh, Rule 12, it's just superfluous. You can just go to the motions. That is ignoring a dramatic benefit to these officers that the district court needs and we need. So to say, oh, well, you answered it. Well, hell, heck, you can answer a complaint that's conclusory without any difficulty. I mean, it's all conclusory. There's not a factual allegation in here as to somebody who did something in particular. So I think that the elements that are missing here are pretty dramatic. There's nothing that says there was facts that were unknown to everybody else. There's nothing about any particular information that the public didn't know that was fed to someone. There's nothing in here about keeping something from a DA. There's nothing about this information was unknown to somebody else, so it's material in that it will affect the outcome. There's nothing that would give you the background flavor to say that it's plausible. And I think that the language used by that Eighth Circuit case that we liked so much recently was pretty telling. Those days aren't here anymore post-Twombly. In this setting, you have to plead more. So we maintain that Rule 12 was properly before the court. The Rule 12c motion was properly before the court. The alternative is to say, well, you should have replead it and refiled it after the sequence. That seems silly. But more importantly, it was addressed when the plaintiff said in their motion, yeah, you can consider it 12c, quote, but you don't have to because there are material issues of fact here. And Rule 12c is not available where there are material issues of fact. And then that kind of got cut and pasted into this, I think. So the fact that the court said there are material issues of fact in this case, so I'm not going to consider it under 12c, is saying I'm addressing the merits of your 12c. There are material issues of fact. It's not perfectly worded, but it deprives these individual defendants of a pretty significant litigation item, Rule 12, that may have eliminated some of these people and prevented them from having to go through the burden of this. In absolute extraordinary circumstances that aren't here, I just can't see how the finding of the district judge can be ignored when it specifically says this. Thank you. Thank you, Mr. Murray. Your case and all of today's cases are under submission, and the court is in recess until 9 o'clock tomorrow.